IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6288**

| | | |
|---|---|---|
| SERGIO VIVANCO a/k/a ARMANDO VIVANCO, on behalf of himself and other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | **JUDGE LEINENWEBER**<br>**MAGISTRATE JUDGE MASON** |
| v. | ) ) | No. |
| FAWN LANDSCAPING & NURSERY, INC. and MARK TRACEY, individually, | ) ) ) ) | Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Sergio Vivanco (a/k/a Armando Vivanco), on behalf of himself and other persons, known and unknown, through his attorneys, for his Complaint against Defendants Fawn Landscaping & Nursery, Inc. ("Fawn") and Mark Tracey ("Tracey"), individually, (collectively "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff. During the course of his employment by Defendants, Plaintiff was scheduled to work and did work in excess of forty (40) hours in individual workweeks, but was not compensated overtime wages for all overtime worked. A copy of Plaintiff's Consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

**PARTIES**

2. Plaintiff resides in and is domiciled within this judicial district.

3. At all material times hereto, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.* and the IMWL, 820 ILCS §115/1 *et seq.*

4. During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiff's "employer" subject to the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c).

6. Defendant Fawn is an Illinois corporation doing business within the state of Illinois.

7. During the prior three years, Defendant Fawn has had at all times at least four or more employees, including Plaintiff, who have handled goods that moved in interstate commerce.

8. Defendant Fawn is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant Fawn's principal place of business is within this judicial district.

10. Defendant Tracey is the president and principal shareholder of Fawn Landscaping & Nursery, Inc. and is involved in its day to day business operations. Among other things, Defendant Tracey has the authority to hire and fire, to direct and supervise the work of Plaintiff, to sign on the corporation's checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures.

11. At all material times, Defendant Tracey was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

12. Defendant Tracey resides in this judicial district.

**JURISDICTION AND VENUE**

13.　This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(On behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint.

14.　This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours per individual workweek.

15.　Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

16.　During the course of Plaintiff's employment by Defendants, Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

17.　During the course of Plaintiff's employment with Defendants, Plaintiff customarily worked in excess of fifty-five (55) hours in individual work weeks.

18.　Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

19.　Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff, and other similarly situated employees, worked in excess of forty (40) hours, they were entitled to be compensated at a

rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

20. Defendants did not compensate Plaintiff, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks. For example, during the pay period ending March 31, 2007, Plaintiff worked 110 hours and 15 minutes over a two week period, but was just paid his regular hourly rate of $9.00 an hour for all time worked. See Exhibit B, as attached hereto.

21. Defendants' failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA, 29 U.S.C. §207.

22. Defendants willfully violated the FLSA by refusing to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Judgment in the amount of one and one-half times Plaintiff's, and other similarly situated employees, hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Individual Plaintiff only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint.

4

23. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

24. At all relevant times herein, Defendants were "employer(s)" as defined in the IMWL, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

25. During the course of his employment by Defendants, Plaintiff was regularly and customarily directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks and, in fact, regularly and customarily worked in excess of fifty-five (55) hours in individual work weeks.

26. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

27. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times his hourly rate of pay for all time which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: November 6, 2007

Respectfully submitted,

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC#6204740)
MAUREEN A. BANTZ (ARDC#6289000)
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant _Fawn Landscaping and Nursery Inc._ within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Sergio A Vivanco_

Signature: _Sergio A Vivanco_

Date on which I signed this Notice: _8/14/2007_

# EXHIBIT B

**FAWN LANDSCAPING & NURSERY, INC.**

| Employee | | | | | SSN |
|---|---|---|---|---|---|
| Armando Vivanco, 732 Michelle Dr., Lynwood, IL 60411 | | | | | ***-**-0929 |
| | | | | | Pay Period: 03/18/2007 - 03/31/2007     Pay Date: 04/06/2007 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly wage | 110:15 | 9.00 | 992.25 | 3,980.25 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | -42.00 | -120.00 |
| Social Security Employee | -61.52 | -246.78 |
| Medicare Employee | -14.38 | -57.71 |
| IL - Income Tax | -25.15 | -87.09 |
| | -143.05 | -511.58 |

| Net Pay | 849.20 | 3,468.67 |
|---|---|---|

Fawn Landscaping & Nursery, Inc., 24405 S. Lagrange Rd., Frankfort, IL.60423 815-469-3434