**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO VIVANCO a/k/a ARMANDO VIVANCO, on behalf of himself and other persons similarly situated, known and unknown, | ) | |
| Plaintiff, | ) | Case No. 07 C 6288 |
| v. | ) | Judge Leinenweber<br>Magistrate Judge Mason |
| FAWN LANDSCAPING & NURSERY, INC. and MARK TRACEY, individually, | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Fawn Landscaping & Nursery, Inc. ("Fawn") and Mark Tracy ("Tracy") (incorrectly named in the Complaint as Mark Tracey), (collectively "Defendants") answer the Complaint of Plaintiff Sergio Vivanco ("Plaintiff") as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime and other wages to Plaintiff. During the course of his employment by Defendants, Plaintiff was scheduled to work and did work in excess of forty (40) hours in individual workweeks, but was not compensated overtime wages for all overtime worked. A copy of Plaintiff's Consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Exhibit A.

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in Paragraph 1 but deny that Plaintiff is entitled to any of the relief he seeks.

**THE PARTIES**

2. Plaintiff resides and is domiciled within this judicial district.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. At all material times hereto, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, 29 U.S.C. § 201 *et seq.* and the IMWL, 820 ILCS § 115/1 *et seq.*

**ANSWER:**

Defendants admit that Plaintiff is a former employee of Fawn. Defendants deny the remaining allegations of Paragraph 3.

4. During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

**ANSWER:**

Defendants admit the allegations of Paragraph 3.

5. At all material times hereto, Defendants were Plaintiff's "employer" subject to the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**

Defendants admit that Plaintiff is a former employee of Fawn and that during Plaintiff's employment, Fawn was an "employer" within the meaning of the FLSA and the IMWL. Defendants deny the remaining allegations of Paragraph 5.

6. Defendant Fawn is an Illinois corporation doing business within the state of Illinois.

**ANSWER:**

Defendants admit the allegations of Paragraph 6.

7. During the prior three years, Defendant Fawn has had at all times at least four or more employees, including Plaintiff, who have handled goods that moved in interstate commerce.

**ANSWER:**

Defendants admit the allegations of Paragraph 7.

8. Defendant Fawn is an "enterprise" as defined by in ]sic] Section 3(r)(l) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(I)(A) of FLSA 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Defendants admit the allegations of Paragraph 8.

9. Defendant Fawn's principal place of business is within this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 9.

10. Defendant Tracey [sic] is the president and principal shareholder of Fawn Landscaping & Nursery, Inc. and is involved in its day to day business operations. Among other things, Defendant Tracey [sic] has the authority to hire and fire, to direct and supervise the work of Plaintiff, to sign on the corporation's checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**

Defendants admit the allegations of Paragraph 10.

11. At all material times, Defendant Tracey [sic] was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**

Defendants admit the allegations of Paragraph 11.

12. Defendant Tracey [sic] resides in this judicial district.

**ANSWER:**

Defendants admit the allegations of Paragraph 12.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. 28 U.S.C. [sic] § 1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendants admit that this Court has jurisdiction over this action and that venue in this Court is proper. Defendants deny the remaining allegations of Paragraph 13.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(On behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint.

**ANSWER:**

Defendants reassert and incorporate by reference as if fully set forth herein their answers to Paragraphs 1 through 13.

14. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours per individual workweek.

**ANSWER:**

Defendants deny the allegations of Paragraph 14.

15. Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**

Defendants admit that Plaintiff had various job duties and responsibilities during his employment by Fawn in this judicial district. Defendants deny the remaining allegations of Paragraph 15.

16. During the course of Plaintiff's employment by Defendants, Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants admit the allegations of Paragraph 16.

17. During the course of Plaintiff's employment with Defendants, Plaintiff customarily worked in excess of fifty-five (55) hours in individual work weeks.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff means by "customarily." Defendants admit that Plaintiff sometimes worked more than 55 hours in a workweek.

18. Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants admit the allegations of Paragraph 18.

19. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff, and other similarly situated employees, worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants deny the allegations of Paragraph 19.

20. Defendants did not compensate Plaintiff, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks. For example, during the pay period ending March 31, 2007, Plaintiff worked 110 hours and 15 minutes over a two week period, but was just paid his regular hourly rate of $9.00 an hour for all time worked. See Exhibit B, as attached hereto.

**ANSWER:**

Defendants admit the allegations of Paragraph 20 but deny any implication that Plaintiff or any other similarly situated employee was entitled to be paid a premium rate for hours worked in excess of 40 in a workweek.

21. Defendants' failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA, 29 U.S.C. §207.

**ANSWER:**

Defendants deny the allegations of Paragraph 21.

22. Defendants willfully violated the FLSA by refusing to pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**

Defendants deny the allegations of Paragraph 22.

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law -- Overtime Wages**
**(Individual Plaintiff only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint.

**ANSWER:**

Defendants reassert and incorporate by reference as if fully set forth herein their answers to Paragraphs 1 through 22.

23. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

**ANSWER:**

Defendants admit that Plaintiff purports to bring the action described in Paragraph 23 pursuant to 820 ILCS 105/12(a). Defendants deny that Plaintiff is entitled to any of the relief he seeks and deny the remaining allegations of Paragraph 23.

24. At all relevant times herein, Defendants were "employer(s)" as defined in

the IMWL, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of that Act.

**ANSWER:**

Defendants admit the allegations of Paragraph 24 but deny any implication that the overtime provisions of the IMWL applied to Plaintiff during his employment by Fawn.

25. During the course of his employment by Defendants, Plaintiff was regularly and customarily directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks and, in fact, regularly and customarily worked in excess of fifty-five (55) hours in individual work weeks.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff means by "regularly and customarily." Defendants admit that Fawn sometimes directed Plaintiff to work and Plaintiff did work more than 55 hours in a workweek.

26. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their [sic] regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Defendants deny the allegations of Paragraph 26.

27. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regularly hourly rate of pay for all time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendants deny the allegations of Paragraph 27.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments [sic].

**ANSWER:**

Defendants deny the allegations of Paragraph 28.

WHEREFORE, Defendants request that the Court dismiss Count II in its entirety with prejudice, award Defendant their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**FIRST AFFIRMATIVE DEFENSE**

For each workweek during which Plaintiff and similarly situated employees were engaged in "nursery activities" as defined in 29 C.F.R. § 780.205, they were exempt from the overtime provisions of the FLSA because they were "employee[s] employed in agriculture" within the meaning of Section 13(b)(12) of the FLSA, 29 U.S.C. § 213(b)(12).

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**SECOND AFFIRMATIVE DEFENSE**

For each workweek during which Plaintiff and similarly situated employees were engaged in "planting and lawn mowing" as defined in 29 C.F.R. § 780.206, they were exempt from the overtime provisions of the FLSA because they were "employee[s] employed in agriculture" within the meaning of Section 13(b)(12) of the FLSA, 29 U.S.C. § 213(b)(12).

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**THIRD AFFIRMATIVE DEFENSE**

During his employment by Fawn, Plaintiff was exempt from the overtime provisions of the IMWL because Fawn and Tracy were "employer[s] of agricultural labor, with respect to such agricultural employment" within the meaning of Section 4a(2)(C) of the IMWL, 820 ILCS 105/4a(2)(C).

WHEREFORE, Defendants request that the Court dismiss Count II in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**FOURTH AFFIRMATIVE DEFENSE**

When calculating and paying compensation due to Plaintiff and all similarly situated employees, Defendants at all times acted in good faith and with reasonable grounds for believing Plaintiff and all similarly situated employees were exempt from the overtime provisions of the FLSA because they were "employee[s] employed in agriculture" within the meaning of Section 13(b)(12) of the FLSA, 29 U.S.C. § 213(b)(12). Accordingly, pursuant to 29 U.S.C. § 260, Defendants cannot be held liable for any liquidated damages that might otherwise be due under 29 U.S.C. § 216.

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**FIFTH AFFIRMATIVE DEFENSE**

At no time did Defendants know that their actions violated the FLSA or show

reckless disregard for whether their actions violated the FLSA.

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**SIXTH AFFIRMATIVE DEFENSE**

The cause of action of Plaintiff or of any similarly situated employee for unpaid compensation allegedly due under the FLSA is barred by the FLSA's statute of limitations, 29 U.S.C. § 255(a), to the extent said cause of action accrued more than two years (or in the case of an allegedly willful violation of the FLSA, more than 3 years) prior to the date on which said person filed in this Court his or her written consent to be a party plaintiff. 29 U.S.C. § 256.

WHEREFORE, Defendants request that the Court dismiss Count I in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**SEVENTH AFFIRMATIVE DEFENSE**

The cause of action of Plaintiff for unpaid compensation allegedly due under the IMWL is barred by the IMWL's statute of limitations, 820 ILCS 105/12(a), to the extent said cause of action accrued more than three years prior to the date on which this action was commenced.

WHEREFORE, Defendants request that the Court dismiss Count II in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim under 820 ILCS 105/12(a) for "damages of 2% of the amount of any . . . underpayments for each month following the date of payment during which such underpayments remain unpaid" is barred as to any alleged underpayment that took place before July 14, 2006, because prior to that date, these damages were recoverable only in an action brought by the Illinois Department of Labor.

WHEREFORE, Defendants request that the Court dismiss Count II in its entirety with prejudice, award Defendants their costs, including attorneys' fees, reasonably incurred in obtaining dismissal, and grant Defendants such further relief as the Court may deem just and proper.

DATED: January 28, 2008

FAWN LANDSCAPING & NURSERY, INC. and MARK TRACY

By: *s/ Donald J. McNeil*
One of Their Attorneys

Donald J. McNeil, #6193106
Jeremy B. Lewin, #6269242
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606
(312) 357-1313
(312) 759-5646 (FAX)

445559v1

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing Defendants' Answer and Affirmative Defenses was served on this 28th day of January 2008, by electronic filing pursuant to Rule XI of the General Order on Electronic Case Filing upon:

Douglas M. Werman, Esq.
Maureen A. Bantz, Esq.
Werman Law Office, P.C.
77 West Washington Street
Suite 1402
Chicago, Illinois 60602

*s/ Donald J. McNeil*

445559v1